JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-05389-RGK-AS | Date | June 29, 2020 |
|---|---|---|---|
| Title | *Lilian Amaya v. Los Burritos, Inc. et al* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Sharon L. Williams | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** **(IN CHAMBERS) ORDER REMANDING CIVIL ACTION TO SUPERIOR COURT**

On April 4, 2019, Plaintiff Lilian Amaya filed this premises liability action in state court against Defendant Los Burritos, Inc. Plaintiff's claims arise from an incident in which she tripped over a concrete wheel-stop in the Los Burritos parking lot and sustained injuries after the lights were turned off.

On May 18, 2020, Plaintiff filed a First Amended Complaint in state court in which Plaintiff added Kaiser Foundational Health Plan, Inc. ("Kaiser") as a defendant, and added a cause of action seeking declaratory relief as to the question of whether Kaiser had properly exercised its option to be subrogated with regard to plaintiff's claims against Los Burritos. Kaiser contends that it has not yet been served with the Complaint.

On June 17, 2020, Kaiser filed a notice of removal to this Court on the basis of federal question jurisdiction. For the following reasons, the Court determines that it lacks subject matter jurisdiction over this claim, and **REMANDS** to state court.

Removal jurisdiction is governed by statute. *See* 28 U.S.C. §§ 1441, et seq. The Ninth Circuit has held unequivocally that the removal statute is construed strictly against removal. *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988). The strong presumption against removal jurisdiction means that "the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (*citing Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 n.3 (9th Cir. 1990)); *see also In re Ford Motor Co./Citibank (South Dakota), N.A.*, 264 F.3d 952, 957 (9th Cir. 2001) ("The party asserting federal jurisdiction bears the burden of proving the case is properly in federal court.").

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-05389-RGK-AS | Date | June 29, 2020 |
|---|---|---|---|
| Title | *Lilian Amaya v. Los Burritos, Inc. et al* | | |

Where a party asserts jurisdiction based on a question of Federal law, "[o]nly state-court actions that originally could have been filed in federal court may be removed to federal court by defendant." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Whether removal jurisdiction exists must therefore be determined by reference to the "well-pleaded complaint." *Merrell Dow Pharms., Inc. v. Thompson*, 478 U.S. 804, 808 (1986). "A defense that raises a federal question is inadequate to confer federal jurisdiction." *Id*. The well-pleaded complaint rule makes plaintiff the "master of the claim." *Caterpillar*, 482 U.S. at 392.

Kaiser makes only the following statement regarding a basis for federal question jurisdiction:

> [T]his Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 because the First Amended Complaint raises claims arising under 42 U.S.C. § 1395y ("Medicare") and its implementing regulations, and 42 U.S.C. § 1395y(b)(3)(A) (the Medicare Secondary Payer Act) ("MSP Act") as the plan at issue is an ERISA qualified health plan.

As far as the Court can discern from a review of the complaint, Plaintiff seeks interpretation only of Kaiser's right of subrogation as set forth in Kaiser's HMO plan. The Court cannot find anything in the complaint to suggest that Plaintiff's claim "arises under" federal law such that it could have originally been brought in federal court, or even requires reference to or interpretation of any federal statute. The bare fact that the plan itself touches the Medicare system at some level is not enough to make any claim involving the plan an issue of federal law. Kaiser likewise does not provide any legal authority substantiating its flat assertion that the complaint is removable.

For the foregoing reasons, the above-entitled case is ordered **REMANDED** to the Superior Court for all further proceedings

**IT IS SO ORDERED.**

:

Initials of Preparer